**Leyla RAZZAKOVA, Petitioner,**

*v.*

**BUREAU OF CITIZENSHIP AND IMMIGRATION SERVICES,**
**Respondent.**

**No. 03–40641–AG.**

United States Court of Appeals, Second Circuit.

Feb. 3, 2006.

---

Andre R. Sobolevsky, New York, New York, for Petitioner.

Samantha Phillips Jessner, Assistant United States Attorney (Debra W. Yang, United States Attorney for the Central District of California, Steven D. Clymer, Special Assistant United States Attorney, on the brief), Los Angeles, California, for Respondent.

PRESENT: Hon. JOHN M. WALKER, Jr., Chief Judge, Hon. CHESTER J. STRAUB, and Hon. ROBERT D. SACK, Circuit Judges.

1. Razzakova does not petition for review of the BIA's denial of her motion to remand on

## SUMMARY ORDER

UPON DUE CONSIDERATION of this petition for review of the Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review be DENIED.

Petitioner Leyla Razzakova ("Razzakova"), a native of Uzbekistan, petitions for review of an order of the BIA affirming the decision of an immigration judge ("IJ") denying her application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT").[1] We assume the parties' familiarity with the underlying facts and procedural history of the case.

Ordinarily, this Court reviews the BIA's decision, see, e.g., Qun Yang v. McElroy, 277 F.3d 158, 162 (2d Cir.2002) (per curiam), but when the BIA's decision affirms the IJ's holding and modifies or supplements it, this Court will review the IJ's decision as modified or supplemented by the BIA, Xue Hong Yang v. United States Dep't of Justice, 426 F.3d 520, 522 (2d Cir.2005); Yan Chen v. Gonzales, 417 F.3d 268, 271 (2d. Cir.2005). We review factual findings under the substantial evidence standard. See 8 U.S.C. § 1252(b)(4)(B); Zhou Yun Zhang v. INS, 386 F.3d 66, 73 (2d Cir.2004); Secaida–Rosales v. INS, 331 F.3d 297, 307 (2d Cir.2003); Diallo v. INS, 232 F.3d 279, 288 (2d Cir.2000).

The BIA concluded that the abuse Razzakova claims was inflicted upon her in Uzbekistan on the basis of her Jewish ethnicity, including multiple assaults, sexual assault, threatening statements, slurs, and an attempted rape, did not constitute

the basis of her diversity visa.

persecution, but merely harassment and discrimination. The BIA also declined to credit Razzakova's testimony that the police turned a blind eye to her abuse and, rather, held that the conduct described by Razzakova was not that of groups that the government was unable or unwilling to control, citing the Department of State International Religious Freedom Report for Uzbekistan in support.

We do not reach the question of whether the conduct described by Razzakova, although reprehensible, rises to the level of persecution. Rather, we hold that the BIA's conclusion that Razzakova failed to meet her burden to establish eligibility for asylum was reasonable insofar as Razzakova's testimony that the government was unable or unwilling to control her persecutors was uncorroborated and conflicted with the State Department reports.

Because Razzakova failed to raise her withholding of removal claim before the BIA, we do not have jurisdiction to address that claim. *See* 8 U.S.C. § 1252(d)(1); *Foster v. INS*, 376 F.3d 75, 78 (2d Cir.2004). Furthermore, Razzakova has not challenged in her brief to this Court the IJ's conclusions regarding her claim of persecution based on western dress or her CAT claim. Issues not sufficiently argued in the briefs are considered waived and normally will not be addressed on appeal. *See Yueqing Zhang v. Gonzales*, 426 F.3d 540, 546 n. 7 (2d Cir.2005) (quoting *Norton v. Sam's Club*, 145 F.3d 114, 117 (2d Cir.1998)).

For the foregoing reasons, the petition for review is DENIED.